Wilson v. Bradlees of NE          CV-93-047-JD  02/03/99
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Elizabeth Wilson
and Ailsa Debold

     v.                              Civil No. 93-47-JD

Bradlees of New England Inc.
et al.


                         O R D E R


     Plaintiffs have filed supplementary submissions regarding

the admissibility of evidence of particular prior accidents

involving garments made by Union (document no. 280).  Union has

responded to plaintiffs' submissions and seeks to exclude all

evidence of prior accidents proposed by plaintiffs (document no.

285).  Plaintiffs challenge Union's response as untimely and

improper (document no. 282).


A.  Motion to Preclude

     Plaintiffs move to preclude Union's response asserting that

it was filed long after the time allowed and that Union

improperly used its expert witness, Clyde Canter, to address

issues pertaining to the admissibility of the evidence.

Plaintiffs acknowledge that no order issued and no firm deadlines

were set for the parties' submissions.  Plaintiffs argue,

however, that they hurried to prepare their submission within the

general time frame allowed and that Union's delay due to

consultation with its expert prejudiced them.

Under the circumstances, preclusion of Union's submission is not warranted. Neither side strictly complied with the times given for the parties to submit materials and responses as discussed in the telephone conference held on September 11, 1998. Plaintiffs were notified of Union's intent to use Canter and to submit its response at a later time, and plaintiffs might have requested leave for additional time to cure any prejudice the delay may have caused. Union's consultation with Canter and Canter's affidavit, however, raise issues pertaining to the scope of Canter's expert disclosure and the validity of his opinions.

Canter's affidavit appears to be simply an argumentative narrative including legal conclusions and statements of unsupported facts lacking any indication of Canter's qualifications for particular opinions or the basis for his knowledge.[1] See Fed. R. Evid. 702. For example, Canter says that "a red-hot stove burner typically has a temperature of 1,000 [degrees] F. or higher," but he gives no source for his statement nor does he provide any background for his personal knowledge of stove operation. Canter also says, "it is my expert opinion that

---

[1]According to Canter's curriculum vitae, submitted with his affidavit, he holds a B.S. degree in chemistry with additional course study in chemistry and textile processes and marketing. He is currently the president of a consulting company for "textiles and related industries." His previous experience appears to be primarily in marketing and testing of textile products and components.

2

none of the occurrences listed by Plaintiff in Plaintiffs [sic] 'Memorandum To Accompany Plaintiffs' Supplementary Submission To Determine Admissibility Of Specific Prior Occurrences' are, in fact, 'substantially similar'" to Ailsa Debold's accident. Canter reviews all of the prior accidents plaintiffs submitted and states, "the circumstances of these various listed accidents are also quite different." There is no basis for Canter's expertise on either the applicable legal standard or particular circumstances involved in prior accidents.

In general, Canter's affidavit adds little to Union's argument against plaintiffs' proposed evidence of prior accidents. Instead, the affidavit seems to be a vehicle for Union to repeat, under the guise of expert opinion, its entire defense to the admissibility of plaintiffs' evidence. Accordingly, the affidavit will be considered only to the extent Canter provides properly supported opinions pertinent to the issues at hand.[2]

---

[2]Although plaintiffs protest that Canter's opinions expressed in his affidavit are beyond the scope of his expert disclosure, plaintiffs have not provided Canter's expert disclosure or specific instances of opinions that are allegedly beyond the scope. The court will not undertake an analysis of the opinion based on a general objection.

3

B.  Admissibility of Evidence of Prior Occurrences

Federal Rule of Evidence 403 bars evidence that is more unfairly prejudicial than it is probative of a relevant issue. To avoid Rule 403 exclusion, evidence of other occurrences must be relevant and more probative than unfairly prejudicial. Accordingly, the admissibility of evidence of prior similar occurrences or accidents depends upon the theory of the case and the purpose for which the evidence will be introduced.  See Moulton v. Rival Co., 116 F.3d 22, 27 (1st Cir. 1997).

"Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation."  Hessen v. Jaguar Cars, 915 F.2d 641, 649 (11th Cir. 1990); accord First Security Bank v. Union Pac. R.R. Co., 152 F.3d 877, 879 (8th Cir. 1998); see also Laramie v. Sears, Roebuck & Co., 707 A.2d 443, 447 (N.H. 1998).  Evidence of a prior accident is probative of whether a product is dangerous or defectively designed only if the two accidents are closely similar in all relevant respects.  See Cameron v. Otto Bock Orthopedic Indus., Inc., 43 F.3d 14, 16 (1st Cir. 1994); Ponder v. Warren Tool Corp., 834 F.2d 1553, 1560 (10th Cir. 1987).  Less similarity of circumstances is required of other accident

4

evidence used to show only that the manufacturer was on notice of a particular characteristic of a product.  See Cameron, 43 F.3d at 16; Ponder 834 F.2d at 1560.  The party offering the evidence bears the burden of showing that it is admissible.  McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981).

The evidence of prior accidents plaintiffs seek to admit apparently involves a variety of garments made by Union from cloth that was 50% cotton and 50% polyester.[3]  Ailsa Debold's sweatshirt and tee shirt, made by Union, were both 50/50 blend fabric.  Plaintiffs intend to offer evidence of particular accidents to show notice that 50/50 blend garments cause serious injury when ignited, notice of the magnitude of the problem, and notice of consumers' uses of such garments in proximity to ignition sources.  Union argues that evidence of the prior

---

[3]Plaintiffs do not indicate what materials they would introduce as evidence of prior accidents, although they appended more than two hundred unnumbered pages to their "Supplementary Submission." The appended materials begin with Union's answers to interrogatories and include, inter alia, color and black and white photographs of burn injury victims, medical records, a report by the Secretary of Health, Education, and Welfare, expert opinion letters, and unidentified testimony.  The pages are not sequentially numbered, are not divided into meaningful exhibits, and are not otherwise identified for purposes of reference in plaintiffs' "Supplementary Submission."  Plaintiffs explain the appended pages as "Union's responses" and "pertinent portions of the materials disclosed by Union in response to plaintiffs' discovery request."  Plaintiffs' single reference to the appended materials is to "The Hardin Report, page 94 of the CPSC report, attached hereto" without any indication of where in the array of pages the "CPSC report" might be found.  As no meaningful reference is made to the attached materials, they are not considered.

accidents plaintiffs refer to is not relevant for any purpose in this case. Union also contends that because only one other case involved a sweatshirt and because the circumstances of all of the other accidents were different, evidence of other accidents is not sufficiently similar to be admissible.

A.  Notice of Flammability, Injury, and Foreseeability of Use

Plaintiffs argue that evidence of accidents involving burn injuries from 50/50 blend garments is relevant to show that Union had notice that the federal flammability standard, CS 191-53, was not "an adequate predictor of clothing fire safety." Relevance can rarely be decided outside the context in which the evidence is offered as proof. To the extent the issue of whether Union had notice that 50/50 blend fabric could burn and cause serious injury or that common household sources could ignite the garments remains in the case at trial, evidence of prior accidents showing those circumstances and involving Union garments made of 50/50 fabric will be relevant. For the limited point that 50/50 blend garments of all kinds and weight of fabrics can be ignited by common household sources and cause serious injury, the common element of the 50/50 blend fabric is sufficiently similar to permit evidence of other accidents.

The limited probative value balanced against the risk of unfair prejudice, in addition to the risk of introducing

6

collateral issues pertaining to other accident cases, requires strict limitations on the evidence of prior accidents that might be introduced.  Accordingly, if otherwise admissible, plaintiffs may use evidence that Union had notice at an appropriate time of a certain number of accidents involving ignition through common household sources of 50/50 blend garments that resulted in serious injuries.  The issue is Union's general notice of the flammability of 50/50 blend garments under common circumstances and the likelihood of serious injury, not the specific details of other accidents or even Union's notice of the specific details of other accidents.  Therefore, plaintiffs will not be permitted to introduce any evidence of the specific details of other accidents, injuries, causes, complaints, or cases to show notice.

For whatever reason, Union has refused to stipulate as to notice, although the court, on several occasions, has suggested that such a stipulation might be a reasonable and appropriate means of addressing this issue.  Union's complaints of unfair prejudice are partially self-inflicted.

B.  Notice of Particular Injuries Caused by 50/50 Garments

Plaintiffs have alleged claims based upon the particular burning characteristics of 50/50 blend garments.  Plaintiffs seek to offer evidence of Union's notice of particular burn injuries caused by ignition of 50/50 blend garments through evidence from

7

seven prior suits.  Apparently, none of the seven suits involved a sweatshirt like the one Ailsa wore.[4]  Notice of the burn characteristics of other garments made from fabrics of different weights and weaves is relevant only if the burn characteristics are substantially similar despite differences in the type of garment or the weight or weave of the fabric.  Plaintiffs have not established on the record presented here that the characteristics of the burns caused by the 50/50 garments in the seven suits are sufficiently similar to the burns caused by Ailsa's garments to permit that evidence to be introduced to show Union's notice of particular burn characteristics pertinent to Ailsa's sweatshirt.  Accordingly, evidence of the seven suits to show particular burn characteristics is not admissible.

---

[4]Plaintiffs acknowledge that the different weights of the garments would affect some of their burning characteristics, but they offer nothing more than argument about the similarity of the relevant burning characteristics of various garments and fabric weights.  Plaintiffs' references to Joseph Medalie's transcript are unhelpful as the transcript cannot be located in the record. The burning characteristics of fabric are not a matter of common knowledge and plaintiffs' counsel are not qualified as experts in the field.  Accordingly, plaintiffs have not shown a substantial similarity between Ailsa's clothes and the clothes in the other accidents that is sufficient to establish the probative value of particular burning characteristics that may be identified in evidence of other accidents.

C.  Notice of the "Magnitude of the Problem"

Plaintiffs seek to introduce evidence of other accidents "to show the magnitude of the problem."  "The problem" is identified only as "numbers of instances" and "severity of injury" which seems to repeat the issues discussed in Part A.  Because the probative value of the proffered evidence depends on the substantial similarity between the relevant circumstances of Ailsa's accident and other accidents, plaintiffs have not provided sufficient information, in their general argument, about the other accidents, or "the problem," to assess similarity.

Elsewhere in their submission plaintiffs argue other grounds for admissibility that might pertain to their "magnitude of the problem" argument.  If plaintiffs intend to show the relatively high proportion of accidents involving ignition of upper body garments and loose fitting garments, like Ailsa's sweatshirt, that evidence may be relevant to show Union's notice of the foreseeability of her accident.  The similarity of the sweatshirt to other shirts and loose fitting garments is sufficient for this limited purpose.

In contrast, evidence of a high proportion of accidents involving children is less relevant to the circumstances of Ailsa's injury since her shirt was apparently an adult size and thus was not intended as children's clothing.  Evidence of accidents involving children's clothing is not sufficiently

9

similar to Ailsa's accident, involving adult clothing, to be admissible.

Plaintiffs also contend other accident evidence is relevant to counter Union's expected evidence of a low number of incidents involving sweatshirts as part of a risk and benefit analysis. The total number of accidents, properly identified, may be relevant to place a low number of specific accidents in context. The particular severity of injuries to individuals in accidents involving other garments made of different fabrics and injured under dissimilar circumstances, however, is not relevant to show the relative risk of danger posed by Ailsa's sweatshirt.

Conclusion

For the foregoing reasons, plaintiffs' motion to preclude (document no. 282) is denied. As to plaintiffs' supplementary submission (document no. 280), evidence of the numbers of prior accidents and general circumstances is likely to be admissible to show that Union had notice at an appropriate time of a certain number of accidents involving ignition through common household sources of 50/50 blend garments that resulted in serious injuries. Evidence of a relatively high proportion of accidents involving shirts or loose fitting garments may be admissible in the context of a duty to warn. Evidence of the numbers of accidents involving ignition of 50/50 blend garments in common

10

household usage may be admissible to provide context for Union's evidence of a low number of accidents involving sweatshirts. Evidence of other accidents is not admissible to show notice of the particular flammability characteristics of the sweatshirt Ailsa was wearing at the time of her accident. Evidence of other accidents is not admissible for any other reason suggested by plaintiffs in their submission. These rulings are preliminary in nature and can only finally be made in the context of evidence presented at trial.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 3, 1999

cc: Thomas E. Craig, Esquire
Louis P. Faustini, Esquire
Michael P. Lehman, Esquire
Michael J. Goldman, Esquire
Alexander J. Walker, Esquire
Dennis T. Ducharme, Esquire

11